UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Bondary McCall**, | ) | C/A No. 3:06-3234-TLW-JRM |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| United States of America, | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Bondary McCall ("Plaintiff"), proceeding *pro se*, filed certain documents with the Court and this case was opened on November 16, 2006.[1] Plaintiff is an inmate at Williamsburg Federal Correctional Institution, and has not paid the filing fee in this case.

Background

The initial pleading submitted in this case, which Plaintiff captioned "Petition for Temporary Restraining Order and Preliminary Injunction," names the United States of America as the sole "Respondent." Plaintiff's pleading consists largely of unsupported legal conclusions, including assertions that his claim falls under admiralty jurisdiction, without providing any facts supporting this jurisdiction. The relief sought under his pleading is entry of several temporary restraining orders, in order to: 1) enjoin the government from using his name, which he claims is copyrighted, 2) prevent the prison authorities from punishing him, and 3) overturn an alleged prohibition on notary services in the prison. Plaintiff claims he cannot exhaust his administrative remedies without the services of a notary.

On initial review of this case, it was clear from the allegations contained in the initial

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such *pro se* claims for relief and submit findings and recommendations to the District Court.

pleading and from the relief sought that this case presents no claims arguably falling within this Court's admiralty jurisdiction.  *See infra* note 3.  However, it was determined that, liberally construed, the initial pleading could be interpreted as stating more-or-less routine *Bivens* prison-conditions claims for injunctive relief.[2] *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)(*pro se* complaints must be liberally construed to determine if any ground for relief exists under the facts alleged); *Green v. Maroules*, No. 04-2538, 2006 WL 3206097 (4th Cir. Nov 07, 2006).  Since Plaintiff did not pay the required $350.00 filing fee, submit a complaint and required service forms along with his initial pleading, or submit a request to pay the filing fee in installments, it was determined on initial review that this case was not in proper form when filed.  Accordingly, an Order was issued informing Plaintiff of the items needed before the case could be considered in proper form, and granting him twenty (20) days (plus mail time) to submit the items. (Entry 3). Plaintiff was specifically informed that failure to comply with the Order could result in dismissal of his case.     The only communication the Court has received from Plaintiff since he was ordered to bring the case into proper form is a letter seeking "clarification" of the Court's consideration of this case as a civil rights action filed by a federal prisoner within its federal question jurisdiction rather than as an admiralty case. (Entry 4).  Plaintiff's letter is filled with legal conclusions

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  In *Bivens,* the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982). Case law involving section 1983 claims is applicable in *Bivens* actions and *vice versa*.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988); *Osabutey v. Welch*, 857 F.2d 220, 221-23 & n. 5 (4th Cir. 1988);  *Tarantino v. Baker*, 825 F.2d 772, 773-75 & n. 2 (4th Cir. 1987).

2

referencing admiralty jurisdiction and confusing use of inapplicable legal terminology and/or legalese. By way of example, Plaintiff's letter insists that his "cargo" (his ersatz "Petition") be "delivered" upon pain of "commercial dishonor" under the Truth in Lending Act, and complaining that the government has used his name despite his "Trademark." This letter, dated December 9, 2006, does not specifically address the Court's Order and does not seek an extension with which to comply with the Order. The time for Plaintiff's compliance with the initial Order in this case expired on December 20, 2006.

## Discussion

Construed liberally, Plaintiff's letter of December 9, 2006 is merely a misguided complaint that his case is not being handled in the way Plaintiff would prefer.[3] It is clearly not an attempt to

---

[3] Plaintiff suggests in his letter that "construing motion as civil action seeking money damages was mistake," and the bulk of the letter appears to be a confused attempt to convince the Court that the case should lie in admiralty simply because Plaintiff chooses to reference inapplicable federal statutes such as the "Truth in Lending Act" and "Regulation Z" in his legalese and to use legal terminology often associated with admiralty jurisdiction and with secured transaction cases governed by the Uniform Commercial Code. Plaintiff is misguided. There is no admiralty jurisdiction over this case, and this Court did not make a "mistake" when it liberally construed his initial pleading, based on its facts and the relief requested, as one seeking injunctive relief for alleged civil rights violations occurring at a federal prison. The Court has never considered this case as one "seeking money damages" as Plaintiff contends in his letter.

Admiralty jurisdiction is very limited and specialized. It must be specifically pled and factually supported. With regard to commercial activities, it has long been decided that admiralty jurisdiction covers only disputes "over all contracts ... which relate to the *navigation, business, or commerce of the sea*." *DeLovio v. Boit*, 7 F.Cas. 418, 444 (C.C.D. Mass. 1815)(emphasis added). With regard to tortious activities, the history and purpose of admiralty jurisdiction requires that the complained-of wrong bear a *significant relationship to traditional maritime activity*. *See Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 268 (1972)(neither the fact that a plane goes down on navigable waters nor the fact that the negligence 'occurs' while a plane is flying over such waters is enough to create such a relationship to traditional maritime activity as to justify the invocation of admiralty jurisdiction). Plaintiff's allegations about the problems he is having in federal prison in no way support any application of admiralty jurisdiction in this case because there is no showing that Plaintiff's prison condition complaints have any relation to traditional maritime

3

comply with the proper form order, nor is it a request for extension of the time set under the Order for compliance.  No other documents have been submitted by Plaintiff, and since he has now permitted the time for compliance with the initial Order in this case to run without a reasonable explanation for his non-compliance, and has at least inferentially indicated an intent not to comply unless the case is improperly considered as an admiralty case, the case should be dismissed for Plaintiff's failure to comply with this Court's Order and for Plaintiff's failure to prosecute the case. *See* Fed.R.Civ.P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given).

## Conclusion

For the foregoing reasons, it is recommended that this case be summarily dismissed without prejudice.[4]  Plaintiff's attention is directed to the important notice on the next page.

                           Respectfully submitted,

                           s/Joseph R. McCrorey
                           United States Magistrate Judge

January 25, 2007
Columbia, South Carolina

---

activity.

[4]    Under the General Order filed on November 1, 2005, Misc. No. 3:05-MC-5010-JFA, this recommended dismissal *without prejudice* will *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g).  In the Order accompanying this Report and Recommendation, the Clerk's Office is being directed to provide Plaintiff a complete set of blank court-approved and required forms for the submission of prisoner claims to this Court.  If Plaintiff wishes to pursue his claims for injunctive relief, he should complete the forms, using "plain English" and refraining from use of legalese and legal conclusions.  He should then submit the so-completed forms to the Clerk of Court for filing as a new case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>  Larry W. Propes, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).